# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEVELLE MERRITTE,

    Petitioner,

vs.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 2:14-cv-00587-JCM-NJK

**ORDER**

    Petitioner has submitted two applications to proceed in forma pauperis (#1, #4), a petition for a writ of habeas corpus, and a motion to stay (#5).  The applications are moot because petitioner has paid the filing fee.  The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The court will deny the motion to stay.  Petitioner will need to show cause why the court should not dismiss the action for the failure to exhaust his available state-court remedies.

    The petition is a handwritten version of a state habeas corpus petition form, and it is directed toward the Eighth Judicial District Court of the State of Nevada.  However, it contains sufficient information for the court to review it.  Petitioner was convicted pursuant to a jury verdict of attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon resulting in substantial bodily harm, robbery with the use of a deadly weapon, robbery with the use of a deadly weapon of a victim sixty (60) years of age or older, first-degree kidnaping with the use of a deadly weapon of a victim sixty (60) years of age or older, coercion with the use of a deadly weapon, possession of a credit card without the cardholder's consent, grand larceny, two counts of

burglary while in possession of a deadly weapon, two counts of conspiracy to commit robbery, and three counts of assault with the use of a deadly weapon.  Petitioner appealed.  The Nevada Supreme Court determined that insufficient evidence supported the verdicts for the three counts of assault with a deadly weapon.  It reversed for entry of an amended judgment of conviction that eliminated those counts.  It affirmed in all other respects.

Petitioner has filed a post-conviction habeas corpus petition in state district court.  According to his motion to stay (#5) and the on-line docket of the Eighth Judicial District Court in State v. Merritte, No. 10C265381-2,[1] the petition is still pending in the state district court.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

Petitioner's ground for relief is that trial counsel provided ineffective assistance.  The direct-appeal order attached to the petition shows that petitioner did not raise this claim on direct appeal.  Indeed, Nevada requires a claim of ineffective assistance of counsel to be raised in a post-conviction habeas corpus petition.  Gibbons v. State, 634 P.2d 1214, 1216 (Nev. 1981).  The state habeas corpus petition is still pending in state district court, and the Nevada Supreme Court has not yet had the opportunity to rule upon the claim.  Consequently, the petition appears to be completely unexhausted.

A stay is not appropriate for this action.  If, as it appears, the petition is completely unexhausted, the court is obliged to dismiss the action.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  The court denies the motion to stay (#5).

IT IS THEREFORE ORDERED that the applications to proceed in forma pauperis (#1, #4) are **DENIED** as moot.

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7682889 (report generated September 9, 2014).

1    IT IS FURTHER ORDERED that the motion to stay (#5) is **DENIED**.

2    IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action for failure to exhaust the available state-court remedies. Failure to comply with this order will result in the dismissal of this action.

DATED: September 11, 2014.

_____
JAMES C. MAHAN
United States District Judge